F. F. LUCAS *v.* T. C. CALVERT'S ASSIGNEES.

**Real Parties in Interest—Assignee May Force Payment for Benefit of Creditors.**

> There is no error in permitting a judgment to be enforced in the name of the real parties in interest, or in authorizing an assignee to dispose of the property in controversy under the order of the court. Such assignee is entitled to coerce payment for the benefit of creditors.

APPEAL FROM WARREN CIRCUIT COURT.

March 27, 1877.

OPINION BY JUDGE PRYOR:

We perceive no error in permitting the judgment to be enforced in the name of the real parties in interest, or in authorizing the assignee to dispose of the property under the order of the court, and besides the answer and cross-petition of the appellant shows that these assignees are entitled to coerce payment for the benefit of creditors, and under this proceeding the rights of the appellant have been heard and determined. The fact that the appellant overlooked for so long a time this large sum of money for the sale of land that he is now asserting as a set-off, is of itself a strong circumstance against

him. He seems not to have regarded it as a subsisting claim when he filed his answer, and it can scarcely be concluded that at the time of its filing this large item had escaped his memory. Calvert was aiding him in buying hogs, and the lard, the value of which is now claimed, was a part of the product. Orders had been drawn by appellant on Calvert, accepted and paid by the latter for a larger amount than the value of the lard, and if not, the books of Calvert show that appellant was credited by the entire proceeds of the lard, a fact that appellant was cognizant of, and the conditions of which he did not question. He saw the book and account of Calvert, and made no objection to the manner in which the account was stated except to claim an additional credit, having no connection whatever with the lard transaction. He also admitted the payment of the claim in a conversation with Rose, but asserted that he was entitled to some other credit by reason of certain money deposited in bank. The assertion of this claim was an afterthought, and the court below properly rejected it.

As to the note for $750, if this note were executed for the interest on the principal sum in controversy the credit of the two thousand dollars was proper. The appellant swears that such was the case, and as there is no other consideration appearing, the testimony of the appellant standing uncontradicted, we cannot adjudge that the chancellor erred in allowing as a credit the whole of the payment by Vanmeter. These are the only questions necessary to be noticed, and as there is no error to the prejudice of either party in the record the judgment is *affirmed* on both the original and cross-appeal.

*J. H. & John M. Wilkins, for appellant.*

*James H. Rose, Ira Julian, for appellees.*